## VICK CHEMICAL CO. v. CORDRY.
### Patent Appeal No. 2819.

Court of Customs and Patent Appeals.
Jan. 4, 1932.

Rehearing Denied Feb. 1, 1932.

Edward S. Rogers, Allen M. Reed, and William T. Woodson, all of Chicago, Ill. (Browne & Phelps, of Washington, D. C., of counsel), for appellant.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing appellant's notice of opposition, and holding that appellee was entitled to the registration of its composite trade-mark, consisting of a fairly accurate representation of the Western Hemisphere, "surrounded," as stated in the Commissioner's decision, "by a circular line having therewithin lines indicating meridians of longitude and parallels of lattitude [latitude] and having at the top and bottom, respectively, the words 'Vanishing' and 'Vapor' and on the left hand side the words 'Just Rub It' with a diagonal band extending across the entire picture with the words, 'Pain Soap,' therewithin." On the outside of the circle appear certain jogged lines, intended, probably, to suggest the vaporizing qualities of appellee's product. The product on which appellee uses its trade-mark is a salve having analgesic properties, and is used in the treatment of muscular aches and pains, chest colds, etc.

In his application for registration, filed June 10, 1929, appellee alleged that he had used his trade-mark since September 9, 1924.

In its notice of opposition, appellant alleged that its trade-mark "Vaporub," for use on a salve, was duly registered in the United States Patent Office, April 6, 1915, and that, for many years prior to September 9, 1924, it and its predecessor had continuously used it in interstate commerce for that purpose; that the words "Just Rub It" had been used extensively in the advertising of its product; that opposer had built up and owned a large and valuable trade in its product; that its trade-mark was of great value and identified its product exclusively; that appellee's mark "contains prominently the word Vapor and the words Just Rub It;" that the word "Vapor" so nearly resembled opposer's trademark "Vaporub," and the words "Just Rub It" so nearly resembled opposer's "well known advertising phrase 'Just Rub It,'" as to be likely to cause confusion and mistake in the mind of the public and to deceive purchasers; that the goods of the respective parties possessed the same descriptive properties; and that therefore opposer believed that it would be damaged by the registration to appellee of his alleged trade-mark.

No answer was filed by appellee to the notice of opposition.

In the letter of the Examiner of Interferences, under date of December 18, 1929, attention was called to the fact that appellee's answer to the notice of opposition, due December 16, 1929, had not been filed; that, in accordance with the provisions of Federal.

Equity Rule 16 (28 USCA § 723), the facts alleged in the notice of opposition would be taken as confessed by appellee; and that, in accordance with Federal Equity Rule 17 (28 USCA § 723), the question of the sufficiency of the allegations contained in the notice of opposition to support a decree pro confesso would be considered not earlier than January 17, 1930.

On December 19, 1929, counsel for appellant filed a motion requesting that, as no answer had been filed to the notice of opposition, judgment be entered on the record.

Thereafter, on January 18, 1930, the Examiner of Interferences rendered his decision holding that the notice of opposition was not sufficient to sustain a decree pro confesso, and, in this connection, among other things, said:

"As is well known, a decree, unlike an order pro confesso, is not entered as a matter of course (Thomson v. Wooster, 114 U. S. 113 [5 S. Ct. 788, 29 L. Ed. 105]). More specifically it is not entered unless the allegations in the bill will support such a decree (Ohio Central Railroad Company v. Central Trust Company, 133 U. S. 83 [10 S. Ct. 235, 33 L. Ed. 561]). In the case in bar it can not well support such a decree unless the mark relied upon in the notice of opposition is evidence of ownership by the opposer of the notations 'Just Rub It' or 'Vapor.' It seems clear to the examiner that the right to the exclusive use of the notation 'Vaporub' is no good and sufficient evidence of the right of the opposer to the exclusive use of the notation 'Just Rub It' or 'Vapor,' both of which perform a merely descriptive function (John T. Dyer Quarry Co. v. Schuylkill Stone Co. [C. C.] 185 F. [557], 574)."

In his decision, affirming the decision of the Examiner of Interferences, the Commissioner of Patents discussed the principles applicable to a decree pro confesso, and, among other things, said:

"It would seem obvious, from an inspection of the applicant's mark as applied to its goods and an inspection of the opposer's label which was filed as part of the notice of opposition, that the words 'Just Rub It' are purely descriptive and are merely directions to the user to rub the salve on the affected part of the body. So far as the word 'Vapor' is concerned, it would seem, in view of the directions on the label, above referred to, that that is also descriptive since in such directions it is stated that for the relief of head colds some of the material is placed in a cup or bowl of hot water and the vapors inhaled. * * *

"In connection with the application for registration of the composite mark above referred to applicant has disclaimed all the wording appearing on the drawing 'apart from the other features shown' thereon.

"In view of the facts above stated it is not apparent how the examiner could have reached any different conclusion than that the allegations of the bill are not sufficient to justify entering a decree in favor of the opposer."

It is contended by counsel for appellant that it was alleged in the notice of opposition that the goods of the parties possessed the same descriptive properties; that the mark of appellee was confusingly similar with appellant's registered trade-mark; that, as no answer was filed by appellee, those facts should have been considered as established by the Patent Office tribunals; that the notice of opposition was sufficient to support a decree pro confesso; and that therefore the Commissioner erred in refusing to enter such a decree.

In the case of Thomson v. Wooster, 114 U. S. 104, 5 S. Ct. 788, 792, 29 L. Ed. 105, discussed by each of the tribunals below, the Supreme Court, in discussing the decree pro confesso, among other things, said:

"It is thus seen that by our practice a decree pro confesso is not a decree as of course according to the prayer of the bill, nor merely such as the complainant chooses to take it; but that it is made (or should be made) by the court, according to what is proper to be decreed upon the statements of the bill assumed to be true. * * * Our rules do not require the cause to be set down for hearing at a regular term, but, after the entry of the order to take the bill pro confesso, the eighteenth rule declares that thereupon the cause shall be proceeded in ex parte, and *the matter of the bill may be decreed by the court* at any time after the expiration of 30 days from the entry of such order, if it can be done without answer, *and is proper to be decreed.* This language shows that the matter of the bill ought at least to be opened and explained to the court when the decree is applied for, so that the court may see that the decree is a proper one. The binding character of the decree, as declared in rule 19, renders it proper that this degree of precaution should be taken."

In the case of Wagner v. Vitamint Co. Inc., 55 App. D. C. 131, 2 F.(2d) 933, the Court of Appeals of the District of Columbia

held, in substance, that facts pleaded in a notice of opposition are deemed to be true if not denied by answer; that allegations in the notice of opposition that the marks were confusingly similar raised issues of fact, the truth of which was admitted by the failure of the applicant to deny them by answer; and that such allegations were sufficient to support a decree pro confesso entered by the Patent Office tribunals.

Counsel for appellant urges that the decision in the Wagner v. Vitamint Co., Inc., Case, supra, and the reasoning therein, supports the contention that the Commissioner erred in refusing to enter a decree pro confesso.

It is alleged in the notice of opposition that appellee's mark "contains *prominently* the word Vapor and the words 'Just Rub It' "; and that "The word Vapor so nearly resembles opposer's trade mark Vaporub and the words 'Just Rub It' so nearly resemble opposer's well known advertising phrase 'Just Rub It' as to be likely to cause confusion and mistake in the minds of the public and to deceive purchasers." (Italics ours.)

The words referred to in the notice of opposition are purely descriptive, as are the words "Pain Soap" and "Vanishing," and appellee was required to, and did, disclaim them, apart from the other features shown in his composite mark.

It will be observed, however, that there is no allegation in the notice of opposition that appellee's composite mark is confusingly similar to appellant's mark "Vaporub," and, in this respect, the issues here differ from those before the Court of Appeals of the District of Columbia in the case of Wagner v. Vitamint Co., Inc., supra.

We have repeatedly held that, in determining the question of confusing similarity, the marks involved should not be dissected, but should be considered as a whole. It is true, as argued by counsel for appellant, that appellee's composite mark contains prominently the words "Vapor" and "Just Rub It." However, we are unable to say, considering appellee's composite mark as a whole, that those words are the dominant features of the mark. On the contrary, we think that they are not.

The question of the confusing similarity of the marks as a whole not having been raised by the notice of opposition, it is difficult for us to understand how it can properly be argued that the tribunals below erred in considering and determining that

question. Certainly, they were not precluded from so doing by the allegations of fact contained in the notice of opposition. The material allegations of fact contained in the notice of opposition were taken as confessed. However, as there was no allegation therein that the *marks* were confusingly similar, the notice of opposition was not sufficient to justify a decree pro confesso. Thomson v. Wooster, supra; Ohio Central Railroad Company v. Central Trust Company of New York, 133 U. S. 83, 90, 91, 10 S. Ct. 235, 33 L. Ed. 561. Accordingly, it was the duty of the tribunals below to consider that question. California Cyanide Co. v. American Cyanamid Co., 40 F.(2d) 1003, 17 C. C. P. A. 1198; Bookman v. Oakland Chemical Co., 40 F.(2d) 1006, 17 C. C. P. A. 1213; George H. Ruth Candy Co., Inc., v. Curtiss Candy Co., 49 F.(2d) 1033, 18 C. C. P. A. 1471. This they did, holding, and properly so we think, that, considering the involved marks as a whole, they were not confusingly similar.

For the reasons stated, the decision is affirmed.

Affirmed.